IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE L. HILL,<br><br>    Plaintiff,<br><br>    v.<br><br>CONNECTICUT GENERAL LIFE<br>INSURANCE COMPANY doing<br>business as CIGNA GROUP,<br><br>    Defendant. | CIVIL ACTION NO. 07-1706 |

MEMORANDUM ORDER

CONTI, District Judge

    Pending before the court is a motion filed by Catherine L. Hill ("plaintiff") for reconsideration of this court's order dated May 9, 2008, granting, in part, the motion to dismiss filed by defendant, Connecticut General Life Insurance Company ("defendant"). For the reasons set forth on the record, the court granted defendant's motion to dismiss with respect to count one of the complaint, and denied the motion with respect to count two of the complaint at the hearing and oral argument held on May 9, 2008. The court found that count one was time-barred by the applicable statute of limitations pursuant to section 502 (a)(1)(B) of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 *et seq*. 29 U.S.C. § 1132 (a)(1)(B). The court granted the motion without prejudice, permitting plaintiff to file a motion for reconsideration to further brief the issue of equitable tolling of the statute of limitations

1

first argued by plaintiff at the hearing on May 9, 2008. For the reasons set forth below, plaintiff's motion for reconsideration will be denied.

**Background**

Plaintiff filed this action in the Court of Common Pleas of Lawrence County, Pennsylvania on November 15, 2007, and it was removed to this court by defendant on December 14, 2007, based upon this court's federal question jurisdiction.

Plaintiff worked for Westinghouse from 1969 - 1992. Plaintiff stopped working at that time due to a disability (a combination of work related and non-work related injuries). Defendant was the plan administrator/carrier of the employer's long-term disability insurance plan. Plaintiff alleges that she was approved for long-term disability benefits under the plan, but she was never paid. Plaintiff asserts two counts in her complaint against defendant pursuant to ERISA. This motion for reconsideration only concerns count one in which plaintiff asserted a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) for failure to pay benefits under an ERISA plan.

In support of her complaint, plaintiff attached several letters of correspondence between defendant and herself. Among those exhibits were the following:

● A letter from plaintiff to defendant dated December 22, 1994 in which plaintiff asserted, "My long-term disability . . . has been unjustly terminated, and I am not being paid as required under ERISA" (Compl. App. X);

● A letter from defendant to plaintiff dated July 23, 1996 in which defendant informs plaintiff that "[w]e have approved your claim for long-term disability benefits under the Westinghouse Benefits or Flexible Benefits Plan" (Compl. App. IV);

- A letter from plaintiff to defendant dated March 26, 1998 in which defendant requests information concerning her long-term disability claim. (Compl. App. XII); and

- A letter from defendant to plaintiff dated June 1, 2001 in which defendant requested additional information from plaintiff concerning her long-term disability claim. (Compl. App. V.)

Taking all allegations in the complaint as true, drawing all reasonable inferences in favor of plaintiff and considering plaintiff's exhibits as part of the complaint, this court held at the hearing May 9, 2008, that the non-payment of benefits by defendant was a clear repudiation of plaintiff's claim, which was made known to plaintiff by March 26, 1998 at the latest. (Compl. App. XII.) Plaintiff did not file the present complaint until November 15, 2007. This court held that plaintiff's claim was time-barred by the applicable four-year statute of limitations. At the hearing, plaintiff's counsel made an equitable tolling argument based upon plaintiff's alleged mental condition. The court granted leave for plaintiff to file a motion for reconsideration and brief the issue whether equitable tolling is available under federal law based upon plaintiff's mental health.

Plaintiff failed to produce any legal authority to support her equitable tolling argument, but instead used this motion for reconsideration to reassert her challenge of the court's application of the "clear repudiation" rule set forth in <u>Miller v. Fortis Benefits Ins. Co.</u>, 475 F.3d 516 (3d Cir. 2007), and earlier adopted in <u>Romero v. Allstate Corp</u>. 404 F. 3d 212 (3d Cir. 2005).

## **Standard of Review**

A motion for reconsideration is granted only if one of three situations is shown: "(1) an intervening change in controlling law, (2) the availability of new evidence not previously available, or (3) the need to correct a clear error of law or to prevent

3

manifest injustice." Reich v. Compton, 834 F.Supp. 753, 755 (E.D. Pa. 1993) (citing Dodge v. Susquehanna Univ., 796 F. Supp. 829, 830 (M.D. Pa. 1992)).

> Because of the interest in finality, at least at the district court level, motions for reconsideration should be granted sparingly; the parties are not free to relitigate issues the court has already decided. . . . Stated another way, a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly. . . .

Williams v. Pittsburgh, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998) (internal citations omitted).

## Discussion

Plaintiff did not present the court with any basis for reconsideration except to request the court to rethink the decision it has already made. Plaintiff presented no new law nor the availability of any new evidence. Additionally plaintiff failed to show any clear error of law in the court's decision or manifest injustice. Nevertheless, the court will set forth its reasoning in granting the motion to dismiss.

### Statute of Limitations under ERISA

ERISA does not contain an explicit statute of limitation for non-fiduciary claims. Miller, 475 F.3d at 520 (citing Romero, 404 F.3d at 220). Plaintiff's count one claim for denial of ERISA benefits is a non-fiduciary claim. Id. When a federal claim does not contain a statute of limitations, the court may "absorb" the local time limitation most analogous to the case at hand. Gluck v. Unisy Corp., 960 F.2d 1168, 1179 (3d Cir. 1992). The parties agree that Pennsylvania law provides a four-year statute of limitations for a breach of contract claim pursuant to 42 PA. CONS. STAT. § 5524(8), and that state law cause of action is the most analogous to plaintiff's count one claim.

Although a federal court will look to state law to determine the statute of limitations for an ERISA non-fiduciary claim, the court will determine when the claim accrues under the federal discovery rule. Miller, 475 F.3d at 520 (citing, Romero, 404 F.3d at 222).

> In the ERISA context, the discovery rule has been developed into the more specific clear repudiation rule whereby a non-fiduciary cause of action accrues when a claim for benefits has been denied. Notably, a *formal* denial is not required if there has already been a repudiation of the benefits by the fiduciary which was *clear* and made known the beneficiary.

Id. at 520-521 (citing Romero 404 F.3d at 222-23) (emphasis in the original). In other words, some "event other than a denial of a claim" may trigger the statute of limitations by clearly alerting the plaintiff that his entitlement to benefits has been repudiated." Id. at 223 (quoting Dail v. Sheet Metal Workers' Local 73 Pension Fund, 100 F.3d 62, 65-67, "a cause of action accrues upon a clear and unequivocal repudiation of rights under the pension plan which has been made known to the beneficiary").

**"Clear Repudiation Rule"**

Under the "clear repudiation" rule, a formal denial of a claim is not required to trigger the statute of limitations. Miller, 475 F.3d at 521. Rather, the rule requires only two elements: (1) a repudiation, and (2) that the repudiation is clear and made known to the beneficiary. Id.

As a matter of first impression, the United States Court of Appeals for the Third Circuit has applied the clear repudiation rule in the context of an award of benefits, as opposed to a denial of benefits in Miller, 475 F.3d at 520-21. In Miller, the plaintiff became disabled after heart surgery and collected long-term disability benefits from his employer. Prior to his surgery, he had worked as a casino floor worker and as an outside marketing salesman, which paid more than the job as a casino floor worker. Id. at 518.

From the very first payment, his long-term disability benefits were erroneously based on his lower salary as a casino floor worker, not his higher salary as a salesman. Id. Miller did not realize the error in his monthly benefits until fifteen years later. Id. The court of appeals found that Miller's benefits had been clearly repudiated from his receipt of the very first erroneously-calculated check. Id. at 521-22. The court reasoned that because Miller had not challenged the notice of his rights under the plan, his claim had accrued from his receipt of the first check where denial of any greater benefit implicit in an underpayment sufficed to notify him of his injury. "Without any indication of deficient notice, a beneficiary's receipt of an award is sufficient to inform him that the plan has determined his benefit." Id. at 522-23. In coming to this conclusion the court considered the two elements of the clear repudiation rule. The court noted:

> Regarding the first requirement, an underpayment can qualify as a repudiation because a plan's determination that a beneficiary receive less than his full entitlement is effectively a partial denial of benefits. <u>Like a denial, an underpayment is adverse to the beneficiary and therefore repudiates his rights under a plan</u>. Cf. 29 C.F.R. §2560.503-1(m)(4) (defining "adverse benefit determination" to include "a denial, reduction, or termination of, or a failure to provide or make payment (*in whole or in part* for, a benefit"). Regarding the second requirement, repudiation by underpayment should ordinarily be made known to the beneficiary when he first receives his miscalculated benefit award. See Gluck, 960 F. 2d at 1180-81 ("[A]n employee's receipt of diminished payment gives immediate, obvious notice to an employee that something is amiss …"). At that point, the beneficiary should be aware that he has been underpaid and this right to a greater award has been repudiated.

Id. at 522-23 (emphasis added).

Similar to the situation in <u>Miller</u>, defendant's alleged failure in this case to make any payment for plaintiff's benefit qualifies as a repudiation, because defendant's failure to make payment is adverse to the beneficiary, as defined by 29 C.F.R. §2560.503-1 (m)(4).

6

If repudiation by underpayment gives notice of repudiation like in <u>Miller</u>, non-payment certainly gives notice of repudiation. In this case according to plaintiff's allegations, defendant notified plaintiff in June 1996 that she was approved for long-term disability benefits, and never paid plaintiff. Even giving plaintiff the benefit of the doubt that the repudiation was not clear immediately upon non-payment, certainly after a year or two with no payment being made, it was clear that no payment would be forthcoming. Plaintiff's own exhibit, the letter of March 26, 1998, demonstrates that plaintiff was aware at that time that something was amiss and she was not being paid in accordance with the ERISA plan. At that time plaintiff should have known that her claim had been repudiated. Plaintiff did not file this action until over nine years later - well beyond the four-year statute of limitations.

In support of her motion for reconsideration, plaintiff quotes from <u>Miller</u> that "ERISA does not require plan participants and beneficiaries likely unfamiliar with the intricacies of pension plan formulas and the technical requirements of ERISA, to become watchdogs over potential plan errors and abuses." <u>Miller</u>, 475 F.3d at 522-23 (quoting <u>Romero</u>, 404 F.3d at 224). Plaintiff argues unconvincingly that this court's application of the clear repudiation rule would require plaintiff to be overly vigilant and act as a watchdog over potential errors or abuse. Plaintiff failed to consider the context of that quote from <u>Miller</u>, in which the court stated:

> But this concern is not implicated here. . . . Miller simply failed to investigate his benefit determination for fifteen years. Requiring him to do so within six years of an erroneous payment [based on adopting New Jersey's six-year statute of limitations] does not impose on him a burdensome oversight role. Instead, the need for Miller to be vigilant was triggered only when his receipt of benefits alerted him that his award had been miscalculated. Such vigilance does not make Miller a "watchdog" for potential plan errors and abuses.

7

475 F.3d at 522-23. Likewise, that concern is not implicated in this case. Plaintiff needed to be vigilant only when she knew she was not being paid. Plaintiff knew that occurred over nine years prior to the commencement of this case.

## Conclusion

For the reasons set forth above, the court did not commit clear error in granting defendant's motion to dismiss count one of the complaint. Accordingly, plaintiff's motion for reconsideration is denied.

By the court,

/s/ JOY FLOWERS CONTI
Joy Flowers Conti
United States District Judge

Dated  September 8, 2008

cc:   Counsel of Record