# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CATHERINE L. HILL, | CIVIL ACTION NO. 07-1706 |
| Plaintiff, | JUDGE JOY FLOWERS CONTI |
| v. | |
| CONNECTICUT GENERAL LIFE INSURANCE COMPANY doing business as CIGNA GROUP, | |
| Defendant. | |

## MEMORANDUM OPINION

Pending before the court is a motion for summary judgment filed by Connecticut General Life Insurance Company ("defendant" or "CGLIC"). For the reasons set forth below, defendant's motion for summary judgment will be granted.

On November 15, 2007, Catherine L. Hill ("plaintiff' or "Hill") filed this action in the Court of Common Pleas of Lawrence County, Pennsylvania and it was removed to this court by defendant on December 14, 2007.

Plaintiff last worked for Westinghouse Electric Company ("Westinghouse") from in1992. (Consolidated Statement of Facts "CSF" ¶ 1.) Plaintiff stopped working at that time due to a disability. (Id.) Westinghouse had a benefits plan (the "plan") which provided Hill with long-term disability benefits. (Compl. ¶¶ 10-11.) The long-term disability benefits were provided under a long-term disability insurance policy issued by CGLIC. (Id. at 12.) Hill alleged that CGLIC was acting as the plan administrator for

1

Westinghouse's plan.[1]  (Id. at 25.)  Plaintiff alleged that she was approved for long-term

disability benefits under the plan, but she was never paid.  (Id. at 17.)  Hill alleged that

she requested plan information from CGLIC in writing in December 1994, March 1995,

March 1998, and January, February, March and April 2006 and CGLIC failed to provide

the information within thirty days as required by law. (CSF ¶ 3.)  Plaintiff asserted two

counts in her complaint against defendant pursuant to the Employee Retirement Income

Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§ 1001 - 1461.  Count one

asserted a claim pursuant to 29 U.S.C. § 1132(a)(1)(B) for failure to pay benefits under

the plan.  Count two asserted a claim pursuant to 29 U.S.C. § 1132(c)(1) seeking

penalties for failure of the plan administrator to respond within thirty days to a request

for plan documents.

On May 9, 2008 this court granted defendant's motion to dismiss with respect to

count one, and denied defendant's motion to dismiss with respect to count two.  With

respect to count one, the court applied the "clear repudiation" rule set forth in Miller v.

Fortis Benefits Ins. Co., 475 F.3d 516 (3d Cir. 2007), and earlier adopted in Romero v.

Allstate Corp., 404 F. 3d 212 (3d Cir. 2005).  The court concluded that count one was

time barred by the applicable statute of limitations pursuant to § 502 (a)(1)(B) of ERISA.

29 U.S.C. § 1132 (a)(1)(B).  The court determined that as of March 26, 1998, plaintiff

knew or should have known that her claim had been repudiated, and, therefore, as of

March 27, 2002, plaintiff's claim asserted in count one was time barred.  (CSF ¶ 6.)  The

court denied the motion to dismiss count two noting that while the plan document

---

[1]The parties dispute whether defendant is the actual plan administrator and whether
defendant has any duty to act as the plan administrator with respect to the policy in
question.  For purposes of this motion for summary judgment, the court will take the
facts in the light most favorable to plaintiff, and assume that defendant is the plan
administrator for the plan.

requests from 1994, 1995 and 1998 were time barred by the two-year statute of limitations, the ERISA § 502(c) claims premised upon defendant's failure to respond timely to the 2006 written document requests were filed within two years of the requests. (CSF ¶ 7.)

On September 8, 2008, the court denied plaintiff's motion for reconsideration with respect to count one. On October 15, 2008, defendant filed the present motion for summary judgment seeking summary judgment with respect to count two. Defendant argues that plaintiff has no standing to bring a claim for failure to provide documents or information on benefits claims pursuant to 29 U.S.C. § 1132(c)(1) because plaintiff does not have a colorable claim for benefits. Summary judgment will be granted in favor of defendant because plaintiff lacks standing.

## Standard of Review

Federal Rule of Civil Procedure 56(c) provides that summary judgment may be granted if, drawing all reasonable inferences in favor of the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). A motion for summary judgment will not be defeated by the mere existence of some disputed facts, but will be defeated only if there is a genuine issue of material fact. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). In determining whether a dispute is genuine, the court's function is not to weigh the evidence or to determine the truth of the matter, but only to determine whether the evidence of record is such that a reasonable jury could return a verdict for the nonmoving party. Id. at 249.

**Discussion**

Plaintiff asserts count two pursuant to 29 U.S.C. § 1132(c)(1) seeking penalties

for failure of the plan administrator to respond within thirty days to a request for plan

documents. 29 U.S.C. § 1132(c)(1)(B) provides in relevant part:

> [Any administrator] (B) who fails or refuses to comply with a request
> for any information which such administrator is required by this
> subchapter to furnish to a participant or beneficiary . . . within 30 days
> after such request may in the court's discretion be personally liable to
> such participant or beneficiary in the amount of up to $100 a day from
> the date of such failure or refusal.

Id. The United States Supreme Court has held that in order to be considered a participant

or beneficiary with standing to make a claim for damages pursuant to 29 U.S.C. §

1132(c)(1)(B), the claimant must establish that he or she has a "colorable claim that (1)

he or she will prevail in a suit for benefits, or that (2) eligibility requirements will be

fulfilled in the future." Firestone Tire and Rubber Co. v. Bruch, 489 U.S. 101, 117-18

(1989).

In this case, plaintiff cannot establish that she had a colorable claim at the time

she made the requests for documents or that eligibility requirements will be fulfilled in

the future. This court previously determined in granting in part defendant's motion to

dismiss that plaintiff's requests for documents allegedly made in 1994, 1995 and 1998

were time barred by the statute of limitations. As of March 27, 2002, plaintiff had no

colorable claim that she would prevail in a suit for benefits, because any such suit would

be barred by the applicable statute of limitations. Therefore, since plaintiff can not

establish that she would prevail in a suit for benefits,[2] plaintiff lacks standing to

---

[2]The record reflects that there is no issue regarding eligibility requirements that could be
fulfilled in the future.

4

challenge any requests for documents made after March 27, 2002 - including the written document requests made in 2006.

## **Conclusion**

There is no genuine issue of material fact, and defendant is entitled to summary judgment as a matter of law.  Summary judgment will be granted in favor of defendant and against plaintiff.

Dated: June 24, 2009

/s/ Joy Flowers Conti

United States District Judge

cc: Counsel of Record